UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-22378-CIV-UNGARO

JOHN B. THOMPSON,
    Plaintiff,

v.

TOM HALL et al.,
    Defendants.
_____/

## ORDER ON EMERGENCY MOTION FOR STAY

THIS CAUSE came before the Court upon Plaintiff's Emergency Motion for Temporary Injunction/Stay and/or Hearing Thereon, filed on September 3, 2008 (D.E. 4).

THE COURT has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises. In his Motion, Plaintiff requests that the Court issue a temporary injunction staying the Defendant Florida Supreme Court from continuing its disciplinary proceedings against Plaintiff until the instant case has been fully adjudicated. (Pl.'s Mot. 4.) As an initial matter, the Court notes that there is not a sufficient relationship between the subject matter of the instant case–Plaintiff's right to file a *quo warranto* action in the Florida Supreme Court–and Plaintiff's pending disciplinary proceedings to warrant the issuance of injunctive relief to stop such proceedings. Whether Defendant Florida Supreme Court has violated Plaintiff's rights in not allowing him to file a *quo warranto* action is irrelevant to Plaintiff's pending disciplinary proceedings for which Plaintiff .

Moreover, injunctive relief is an extraordinary remedy that is only proper when a legal right has been infringed by an injury for which there is no adequate remedy at law. *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1127 (11th Cir. 2005) (citations omitted). In the case at hand, assuming without deciding that one of Plaintiff's legal rights could be infringed by Defendant Florida Supreme Court 's continuing its disciplinary proceedings against Plaintiff,

Plaintiff has an adequate remedy at law: the right to appeal the Bar Referee's Report.[1]  Rule 3-7.7 of the Rules Regulating the Florida Bar states, in pertinent part:

> All reports of a referee and all judgments entered in proceedings under these rules shall be subject to review by the Supreme Court of Florida in the following manner:
>
> (a) Right of Review.
>
> (1) Any party to a proceeding may procure review of a report of a referee or a judgment, or any specified portion thereof, entered under these rules.
>
> (2) The Supreme Court of Florida shall review all reports and judgments of referees recommending probation, public reprimand, suspension, disbarment, or resignation pending disciplinary proceedings.

Fla. Bar Rule 3-7.7 (2006).  In fact, Plaintiff appears to be well aware of such right to appeal, for he notes in his Motion that he has until September 10, 2008, to file such appeal.  (Pl.'s Mot. 3.)

Additionally, given the above analysis, the Court sees no need to hold oral argument on this matter.  It is hereby

ORDERED AND ADJUDGED that the Motion (D.E. 4) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this __ day of September, 2008

*(signature)*

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record

---

[1] The Court notes that in its earlier Order on Motion to Stay (D.E. 18) in case no. 08-21493-Civ-Lenard, the Court never directed Plaintiff to file, or even intimated that Plaintiff should file, a *quo warranto* action.  The Court merely stated that Plaintiff had the right to appeal the Bar Referee's Report.  The Court offers no opinion here on the propriety of filing a *quo warranto* action.